## IN THE UNTIED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**TAGAWA GREENHOUSES, INC.**

      **Plaintiff,**

                                                **No.**

v.

**WESTERN WATER AND POWER
PRODUCTION LIMITED, LLC,**

      **Defendant.**

### VERIFIED COMPLAINT FOR BREACH OF CONTRACT, DAMAGES AND ATTORNEYS' FEES AND COSTS

COMES NOW Plaintiff Tagawa Greenhouses, Inc. ("TGI"), a foreign corporation authorized to do business in New Mexico, by and through its undersigned counsel, and for its verified complaint for breach of contract against Western Water and Power Production Limited, LLC ("Western Water"), states as follows:

### I.  THE PARTIES

1. TGI is a Colorado corporation authorized to and doing business in New Mexico as a foreign corporation at all times pertinent hereto.

2. Western Water is a New Mexico limited liability corporation with its principal place of business located in New Mexico.

### II.  JURISDICTION AND VENUE

3. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs

4. This cause of action concerns a tract of land containing 50 acres and two easements located in this District as the events giving rise to this action occurred in this District.

## FIRST CLAIM FOR RELIEF:
## SPECIFIC PERFORMANCE

5. TGI and Western Water entered into a Land Purchase and Transfer Agreement dated June 2, 2008 ("Land Purchase Agreement"), which was amended on June 16, 2008, by execution of the Amended Agreement, which provided for the transfer by TGI to Western Water of Tract B-1, which contained 50 acres, more or less, together with two easements, as described in Exhibits 2 and 3 to the Amended Agreement. True and correct copies of the Land Purchase Agreement and the Amended Agreement are attached as Exhibit 1[1] and Exhibit 2, respectively.

6. Pursuant to the Amended Agreement, TGI executed on June 16, 2008, and delivered to Western Water a Warranty Deed on Tract B-1, which was recorded on June 23, 2008, as document #002082303, book 317, Page 869, records of Torrance County, New Mexico.

7. Pursuant to the Amended Agreement, the rights and responsibilities of the parties were conditioned upon certain Power Plant Facilities ("Plant") (as defined in Paragraph 1.14 of the Heated Water Sales Agreement, dated June 16, 2008 ("Water Agreement")) to be built by Western Water, being Commercially Operational (as defined in Section 1.7 of the Water Agreement) by December 31, 2010. A true and correct copy of the Water Agreement is attached as Exhibit 3.

8. The Plant was not Commercially Operational by December 31, 2010, and the parties entered into an Extension Agreement dated September 29, 2010, under which the parties agreed to extend the deadline of December 31, 2010 to June 30, 2013; provided however, if completion of the Plant was substantially underway on June 30, 2013, and would be

---

[1] Tagawa has been unable to locate a true and correct copy of Exhibit A to the June 2, 2008 Agreement.

2

Commercially Operational within a reasonable time thereafter, the deadline in both the Water Agreement and the Land Purchase Agreement was to be extended for an additional six months or until December 31, 2013.

9. On June 29, 2013, the parties acknowledged that the Plant would not be Commercially Operational by either June 30, 2013, or by December 31, 2013, and Western Water desired to again extend the time for completion of the Plant.

10. TGI was willing to extend the time period for completion of the Plant on the condition that Paragraph C of the Recitals and Paragraphs 2 and 3 of the Amended Agreement were deleted in their entirety.

11. The parties then entered into the Second Amendment of Land Purchase and Transfer Agreement ("Second Amendment") on June 29, 2013, a true and correct copy of which is attached as Exhibit 4.

12. Pursuant to the Second Amendment, the deadline of December 31, 2013 set forth in the Extension Agreement for the Plant to be Commercially Operational was extended until December 31, 2015; provided, however, that if completion of the Plant was substantially underway on December 31, 2015 and would be Commercially Operational within a reasonable time thereafter, then the deadline for completion of the Plant would be extended for an additional six (6) months or until June 30, 2016. Exhibit 4 at ¶ 2.

13. If the Plant contemplated under the Water Agreement was not built, completed, and operational by June 30, 2016, Western Water agreed to execute a Special Warranty Deed conveying to TGI Tract B-1, together with the two easements, free and clear of all liens or encumbrances, at no cost to TGI. Id. at ¶ 3.

14. Western Water also agreed to provide, at its expense, to TGI, a title commitment on Tract B-1 evidencing that title to Tract B-1, as of June 30, 2016, is free and clear of all liens and encumbrances, except for any reservations contained in the U.S. Patent on the Tract. Id.

15. In consideration of the additional extension of time granted by TGI, Western Water agreed to and did waive and release its option to purchase Tract B-1 as set forth in Recital C and paragraphs 2 and 3 of the Amended Agreement. Id. at ¶ 1.

16. The parties agreed to delete Recital C and paragraphs 2 and 3 in the Amended Agreement, and except for the deletion of Recital C and paragraphs 2 and 3 in the Amended Agreement and the extension of the time period, all remaining terms and conditions of both the Water Agreement and the Land Purchase Agreement remained in full force and effect.

17. Construction of the Plant was not commenced and was not Commercially Operational on December 31, 2015 as required by the Second Amendment. Therefore, on January 27, 2016, TGI sent Western Water a letter asking Western Water to provide TGI a Special Warranty Deed conveying the 50-acre tract and two (2) easements to TGI. A true and correct copy of the January 27, 2016 letter is attached as Exhibit 5.

18. On March 1, 2016, Thomas Melone, on behalf of Western Water, responded to TGI by stating that the project had been delayed due to events beyond its control, one of which was the failure of the New Mexico Public Regulation Commission ("NMPRC") to resolve Western Water's complaint against Public Service Company of New Mexico ("PNM"), and that Western Water was prepared to pay TGI fair market value for the property. A copy of the email communications between TGI and Western Water are attached as Exhibit 6.

19. Also on March 1, 2016, TGI responded to Western Water by pointing out that Western Water no longer had an option to purchase the property and that Western Water's

complaint against PNM had no bearing on Western Water's contractual obligation to return the property to TGI and by asking Western Water to honor its obligation under the Second Amended Agreement and return the executed and notarized deed to TGI. Id. at p. 1.

20.     As of the date of the filing of this complaint, Western Water has not returned the executed and notarized deed and has not otherwise responded to TGI.

21.     On August 3, 2016, the NMPRC issued the Final Order Dismissing Complaint ("Final Order"). A true and correct copy of the Final Order is attached as Exhibit 7. The NMPRC dismissed Western Water's complaint against PNM with prejudice and closed the docket.

22.     TGI has performed all of the conditions of the Second Amended Agreement that are required to be performed by TGI. TGI is ready and able to receive from Western Water the executed and notarized Special Warranty Deed conveying the 50-acre tract and two (2) easements, as promised by Western Water in the Second Amended Agreement.

## SECOND CLAIM FOR RELIEF:
## BREACH OF CONTRACT

23.     TGI incorporates by reference the foregoing paragraphs as if fully set forth herein.

24.     Western Water's failure and refusal to perform its obligations under the Second Amended Agreement to provide TGI an executed and notarized deed constitute a breach of contract and have damaged TGI. Western Water has violated and breached the Second Amendment by failing to provide TGI the executed and notarized Special Warranty Deed conveying the 50-acre tract and two (2) easements to TGI.

25.     As a direct result of Western Water's violation and breach of the Second Amendment, TGI has suffered and sustained damages in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF:
## ATTORNEYS' FEES AND COSTS

26. TGI incorporates by reference the foregoing paragraphs as if fully set forth herein.

27. Pursuant to the parties' agreement, the Second Amendment states that if either party employs an attorney to enforce compliance with the Second Amendment or to enforce or interpret any of its terms, covenants or conditions, the prevailing party is entitled to recover from the other party reasonable attorneys' fees and any court costs. Exhibit 4 at ¶ 5.

28. TGI made good faith attempts to have Western Water honor its obligation under the Second Amendment and return the executed and notarized deed to TGI. Exhibit 6. Western Water has refused to do so, and TGI was required to employ undersigned counsel and to file this lawsuit to enforce the Second Amendment and Western Water's compliance with that agreement.

29. TGI has incurred attorneys' fees and costs in an amount to be proven at trial.

## III. RELIEF REQUESTED

**WHEREFORE**, TGI requests judgment against Western Water as follows:

A. Order Western Water to provide a Special Warranty Deed conveying the 50-acre tract and two (2) easements to TGI, free from any liens and encumbrances, as required by the Second Amendment;

B. Order Western Water to pay damages to TGI's actual damages to be proven at trial, for punitive damages, for prejudgment and post-judgment interest, and for costs and attorneys' fees;

C. Appoint a special master to execute a Special Warranty Deed conveying the 50-acre tract and two (2) easements to TGI, free from any liens and encumbrances, as required by the Second Amendment, in the event Western Water refuses to do so;

D.  Award TGI its costs of suit and attorneys' fees; and

E.  Award such further and additional relief consistent herewith as the Court deems fair, just and reasonable.

>Respectfully submitted,
>
>CUDDY & MCCARTHY, LLP
>
>
>By: /s/   *Patricia Salazar Ives*
>PATRICIA SALAZAR IVES
>Y. JUN ROH
>1701 Old Pecos Trail
>Post Office Box 4160
>Santa Fe, NM  87502-4160
>Telephone:  (505) 988-4476
>Facsimile:   (505) 954-7373
>pives@cuddymccarthy.com
>jroh@cuddymccarthy.com

## VERIFICATION AND ACKNOWLEDGMENT

STATE OF COLORADO  )
                   ) ss.
COUNTY OF WELD     )

I, KENNETH K TAGAWA, being first duly sworn upon my oath, depose and state that I am a (president or CEO) of Tagawa Greenhouses, Inc., Plaintiff in the above-entitled cause; that I have read "*Verified Complaint for Breach of Contract, Damages and Attorneys' Fees and Costs*", know the contents thereof, and that the matters and things therein set forth are true to the best of my knowledge and belief.

TAGAWA GREENHOUSE, INC.

By: _____
    President or CEO

On September 7th, 2016, before me personally appeared Kenneth K Tagawa, President of Plaintiff Tagawa Greenhouses, Inc., ☐ personally known to me OR ☐ proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person or the entity upon behalf of which the person acted executed the instrument.

Witness my hand and official seal.

_____
Signature of Notary Public

YVONNE JONES
Printed Name of Notary Public

My Commission Expires:

January 27, 2017

YVONNE JONES
Notary Public
State of Colorado
Notary ID 20054003636
My Commission Expires Jan 27, 2017

8